**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000170
30-APR-2013
08:14 AM**

NO. CAAP-12-0000170

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHRISTOPHER M. PIEPER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1P111-2241)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Christopher M. Pieper (**Pieper**) appeals from the Notice of Entry of Judgment and/or Order entered on January 10, 2012 (**Judgment**) by the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Pieper was charged with and convicted of assault in the third degree in violation of Hawaii Revised Statutes (**HRS**) § 707-712(1)(a) (**Assault 3rd**).

On appeal, Pieper raises a single point of error, contending that there was insufficient evidence to convict him of Assault 3rd because the State failed to adduce substantial evidence to prove that (1) Pieper was involved with the incident at issue, and (2) that his conduct, as opposed to the other co-defendant, caused bodily injury to Lance Corporal Travis Benton (**Benton**).

---

[1] The Honorable Melanie Mito May presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised by the parties, we resolve Pieper's point of error as follows:

The Hawai'i Supreme Court has

long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.

"Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

In addition, "[a]n appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." Porter v. Hu, 116 Hawai'i 42, 60, 169 P.3d 994, 1012 (App. 2007) (quoting State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996)); see also State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999).

We conclude that there was sufficient evidence to support Pieper's conviction. The evidence included testimony from the State's witness Lance Corporal Katherine Stoneycypher (**StoneyCypher**), identifying Pieper and his twin brother (**Brother**) as the two individuals who assaulted Benton. She described the

punches of both assailants as being "[w]ith their fists, pretty heavy, heavy blows." She also described Benton's injuries, including that he had a cut under his eye, his eye was almost swollen shut, the side of his face was swollen, and he had marks on the back of his head. State's witness Lance Corporal Jeffrey Slingluff (**Slingluff**) also gave testimony that both assailants hit Benton in the face, but that the first assailant hit him approximately ten times and the second assailant hit him approximately five to six times, that Benton was "trying to curl to protect himself", that Slingluff could hear "[t]huds from contact to the body."

Although Benton could not identify the assailants because he was in a defensive position, he testified to his injuries, including a contusion and a cut below his right eye and the pain from the initial hit, and how "the next day [he] felt the ten or so punches."

The District Court found the State's witnesses to be credible. Notwithstanding Pieper's argument that he was the second assailant, and that Benton's injuries were caused by the first assailant,[2] considering the evidence in light most favorable to the prosecution, we conclude that substantial evidence supported the District Court's finding that Pieper, as well as his Brother, was involved in assaulting Benton and that Pieper's conduct caused bodily injury to Benton. See HRS § 707-700 (1993) (defining bodily injury as "physical pain, illness, or any impairment of physical condition").

---

[2] Apparently, Brother made the same claim.

Accordingly, the District Court's January 10, 2012 Judgment is affirmed.

DATED:  Honolulu, Hawai'i, April 30, 2013.

On the briefs:

Evan S. Tokunaga
Deputy Public Defender
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4